“This case comes before the court on a request, filed September 13,1976, by defendant United States and defendant-intervenor, the Hoopa Valley Tribe of Indians, for review of the trial judge’s order of September 3, 1976. The thrust of the request is that the trial judge has changed in midstream the pretrial procedural requirements previously ordered by him. The request observes that those requirements have been substantially complied with at a great expenditure of time and finances by defendants, but that the trial judge would by his order now permit certain plaintiffs to avoid, or at least delay, the filing of replies to defendants’ response, except as to legal issues deemed pertinent to prospective motions for summary judgment. Claimants surviving such motions would have to file replies later on the factual issues which are disputed.
*522 “The court, having considered the strong representations made in the request for review, appreciates the concerns upon which the request is predicated. However, we conclude that in a proper exercise of his discretion in handling pretrial matters under the rules of the court (Eules 12 and 112), the trial judge must have considerable latitude to apply that discretion to handle a case, especially a large case such as this one with several thousand claimants. We do not believe that he has abused his discretion in altering the sequence of pretrial proceedings to fit developments which they have revealed as they have been pursued. In the long run, we do' not believe that the defendants will be prejudiced by this order, although in the immediate posture of the case it does result in some parties bearing a greater preliminary burden than others. Upon consideration of the request for review, the response, and all supporting papers, without oral argument,
“it is therefore ordered that the request for review is granted but that upon review the order of the trial judge entered September 3,1976, is affirmed.”